## STATE v. JOHN F. BELTOWSKI.*

160 N. W. (2d) 705.

July 19, 1968—No. 40,415.

*John F. Beltowski,* pro se, *C. Paul Jones,* State Public Defender, and *Murray Galinson,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

Defendant appeals from a judgment of conviction of the crime of bur-

---

* Certiorari denied, 393 U. S. 988, 89 S. Ct. 468, 21 L. ed. (2d) 450.

glary and from an order denying his motion for a judgment of acquittal n. o. v. or a new trial.

The relevant procedural history and facts may be summarized as follows: Defendant was arrested December 23, 1965, about 1:35 a. m. while fleeing from the scene of a burglary. A complaint charging burglary of a TV store was served upon him that same day. On the following day, December 24, at the first ensuing session of the Municipal Court of Hennepin County, he was brought before the court. The public defender was appointed to represent him, and upon defendant's insistence, he was afforded a preliminary hearing on that day. He was bound over to the district court and appeared for an arraignment on December 27. The information charging burglary in violation of Minn. St. 609.58, subd. 2(1) (a),[1] was filed and no plea was entered. On January 4, 1966, upon defendant's motion, the state consenting, he was permitted to plead guilty to the lesser included offense of burglary with intent to "steal or commit a felony or gross misdemeanor" in violation of § 609.58, subd. 2(3),[2] and was sentenced to imprisonment for a limited term of not to exceed 4 years. Two days after sentencing, a written request, prepared by defendant personally, to withdraw his plea of guilty on the claim of newly discovered evidence of entrapment was presented and heard by the court. The court granted defendant's request and set aside his plea of guilty, principally because of his asserted criticism of and dissatisfaction with the public defender's representation. At this hearing the court also granted the public defender's request to be relieved of representing defendant. After defendant's refusal to accept appointment of counsel suggested by the court, he was afforded the privilege of selecting an attor-

---

[1] Section 609.58, subd. 2(1) (a), provides: "Whoever enters a building without the consent of the person in lawful possession, with intent to commit a crime therein, commits burglary and may be sentenced * * *:

"(1) To imprisonment for not more than 20 years or to payment of a fine of not more than $20,000, or both, if:

"(a) When entering or while in the building, he possesses an explosive or tool to gain access to money or property * * *."

[2] Under § 609.58, subd. 2(3), illegal entry with "intent * * * to steal or commit a felony or gross misdemeanor" is punishable by imprisonment for not more than 5 years or a fine of not more than $5,000 or both.

ney from outside Hennepin County whom the court then appointed to represent him.

During January and February numerous pretrial motions were heard and denied. A bill of particulars and a list of potential witnesses, including the disclosure of a police informant, was ordered by the court and furnished by the prosecution. Following a Rasmussen hearing to suppress evidence and a transfer of the trial of the case because of defendant's filing of an affidavit of prejudice against the judge initially assigned to preside, trial upon the burglary charge as originally set forth in the information commenced on March 8. On March 14 the jury found the defendant guilty as charged, and he was sentenced to imprisonment for a limited term not to exceed 10 years.

Defendant's apprehension by the Minneapolis police resulted from information obtained from an informer who telephoned the police that a burglary in the vicinity of the TV store might occur. Acting on this tip, the police placed the TV store under surveillance and actually witnessed defendant and another force open the door of the store by the use of a "long bar of some type." Due largely to the failure of the owner of the store to abide by instructions to remain in his apartment above the store, the police officers were not able to close in and arrest the suspects before they fled. As a result, a chase developed and the defendant was captured and arrested a short distance from the store. A crowbar which the pursuing officers observed defendant carrying while he was fleeing was recovered at the place where the arrest was made. While being transported to jail, defendant denied participation in the burglary, claimed he was alone, was not carrying a crowbar, and merely was waiting for the bus. He stated that when he saw three men approaching he fled because he feared that they intended to rob him. In addition to the testimony tending to identify defendant as a participant, the prosecution offered expert testimony indicating that the paint and glass particles embedded in defendant's clothes were similar to those recovered at the burglarized store. This and other evidence in the record clearly supports the jury's verdict.

Defendant does not question the sufficiency of the evidence, but on

this appeal he appears pro se [3] and in a lengthy brief raises numerous legal issues all of which, after careful consideration, we find are either controlled by settled principles of law or otherwise without merit.

He asserts that his arrest was invalid because the warrant served upon him did not meet the requirements set forth in State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382, that it be signed by a magistrate upon a showing of probable cause. Here, however, the arrest was made at the scene of the crime and on probable cause. The Duhn case does not control in such circumstances. State ex rel. Law v. District Court, 276 Minn. 324, 150 N. W. (2d) 18.

His claim that he was not speedily brought before a magistrate after his arrest is refuted by the record which shows that he was arrested at 1:35 a. m. on December 23, 1965, and appeared before the Hennepin County Municipal Court at 9:10 a. m. on the following day. The record cannot support a claim of unreasonable delay. State v. Steeves, 279 Minn. 298, 157 N. W. (2d) 67.

The use of an information rather than an indictment to charge defendant with burglary does not, as claimed by defendant, violate the Fourteenth Amendment to the United States Constitution. Hurtado v. People of California, 110 U. S. 516, 4 S. Ct. 111, 28 L. ed. 232.

Defendant bases his claim of entrapment on the fact that the police were alerted by an informant who was in turn motivated by revenge against defendant. Neither these facts nor any other evidence introduced by the defense can be held to justify overturning the trial court's finding that no entrapment occurred. Cf. State v. Poague, 245 Minn. 438, 72 N. W. (2d) 620.

Defendant's voluntary exculpatory statements to the police were properly admitted by the trial court inasmuch as warnings consistent with the Escobedo and Miranda rules could be found to have been given. In-

---

[3] Defendant refused the services of the state public defender except to appear at oral argument in his behalf. His request for appointment of counsel other than the state public defender was denied by this court. For a history of defendant's background, see State v. Beltowski, 256 Minn. 220, 98 N. W. (2d) 252; State ex rel. Beltowski v. Tahash, 266 Minn. 182, 123 N. W. (2d) 207.

deed, the requirements of the latter rule did not apply at the time the defendant's statements were made. State v. Eubanks, 277 Minn. 257, 152 N. W. (2d) 453. Similarly, the claim that defendant's clothing was unlawfully taken from him for inspection is without merit. State v. Dill, 277 Minn. 40, 151 N. W. (2d) 413.

Since the denial of one of defendant's motions to dismiss the charges was repeated to the defendant himself after having first been made when defendant was not present, the assertion that he was denied the right to be present during all stages of the proceedings is without merit. We also find no merit in the claim that the burglary statute is invalid because of the requirement of the Minnesota constitution that it involve only one subject. See, State v. LaValla, 278 Minn. 63, 153 N. W. (2d) 135.

We must also agree with the trial court that defendant's refusal to accept an instruction to the jury which included all offenses under § 609.58 and his election to have only the alternative of the charged offense and acquittal submitted constituted a waiver of whatever rights he may have had with respect to the submission of lesser included offenses. State v. Jordan, 272 Minn. 84, 136 N. W. (2d) 601.

We must hold that the claimed prejudice resulting from the prosecution's comment in its closing argument that the evidence against defendant was "undisputed" is not established. State v. Collins, 276 Minn. 459, 150 N. W. (2d) 850; Martinez v. People (Colo.) 425 P. (2d) 299.

It is asserted that defendant was without the assistance of counsel at a critical stage in the proceedings against him. It is correct that between January 7, when his appointed counsel was permitted to withdraw because of the defendant's expressed dissatisfaction with his services and a possible conflict of interest arising out of counsel's representing the police informer, and January 14, when new counsel was appointed, defendant was without representation. However, the only action taken on his case during that period was to increase the amount of his bail. We cannot say that such action was prejudicial to defendant's substantial rights. State v. Huber, 275 Minn. 475, 148 N. W. (2d) 137. It should be noted that after appointed counsel was permitted to withdraw during defendant's appearance before the court on January 7, the court regarded as premature the prosecutor's recital of the nature of the state's

case against defendant because of the fact that new counsel had not yet been appointed. Ultimately defendant was permitted the rather extraordinary privilege of selecting counsel from outside of the county in which the prosecution arose. His refusal to accept the court's offer to appoint qualified and experienced defense counsel practicing in Hennepin County and the accommodation afforded him was the sole cause of his lack of representation during this period. Thus, we fail to see any merit in his claim of inadequate representation at any stage of the proceedings.

Similarly, we are not persuaded that defendant was deprived of a fair trial by reason of the magnitude of his bail, which at one time was set at $50,000. After conviction, the question of pretrial bail is moot. State v. Huber, *supra.*

Finally, there is no merit in the assertion that defendant was prejudiced by absence of the informer at trial. If the informer, who was at the time of trial incarcerated in Iowa, was a potential witness for the defense on the question of entrapment, it was the responsibility of the defense to secure his attendance. State v. Collins, *supra.*

We have considered all the other miscellaneous assertions of error and find them to be without merit.

Affirmed.