STATE v. EDUARDO VILLALON.

234 N. W. 2d 189.

September 12, 1975—No. 44548.

*C. Paul Jones,* State Public Defender, and *Steven H. Goldberg,* Special Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, and *Julius E. Gernes,* County Attorney, for respondent.

Heard before MacLaughlin, Yetka, and Knutson, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal from an order denying defendants motion for a new trial and from a conviction for selling marijuana, a controlled substance, in violation of Minn. St. 152.09, subd. 1(1). We affirm.

548

The principal issue raised on appeal is whether the trial court erred in denying defendant's motion to require the state to disclose the identity of the informant who introduced defendant to the undercover narcotics agent. We hold that the record does not compel a finding that disclosure of the informant's identity would be at all relevant and helpful to the defense or essential to a fair determination of the issues inasmuch as the defense admits it knew the informant's identity long prior to trial. Therefore, disclosure was not mandatory.

In late April 1972, an undercover narcotics agent of the State Bureau of Criminal Apprehension, Patrick Shannon, was in the Winona area to conduct an investigation of reported drug dealers. He contacted an informant who told him that defendant had a "lot of grass." On the morning of April 25, Shannon and the informant went to defendant's apartment. When defendant came to the door, the informant asked defendant if he had any "grass" and he answered affirmatively. The informant did not introduce Shannon, as defendant seemed to recognize him by sight. At this point, the informant asked where the bathroom was and left. Shannon and defendant proceeded into the bedroom, where Shannon asked to buy and was sold "a lid" of marijuana. Following the transaction, Shannon and defendant returned to the apartment entrance, where they were met by the informant, and Shannon and the informant left. The entire episode occurred in less than 5 minutes.

Defendant, in an attempt to establish an entrapment defense, took the stand and testified to a contrary set of events. He stated that the informant asked to buy some marijuana, but he declined; that the informant stated he and the agent would leave if defendant sold them some, which defendant did in order to get them to leave. Defendant testified that the informant was present when the sale took place and that the same informant had contacted him personally three times in the previous ten days, attempting to purchase marijuana.

From the start of the preliminary hearing, defendant has continued to seek an order directing the state to disclose the identity of the informant. Defendant insists that the informant's testimony was essential to an adequate presentation of the defense of entrapment. All of these motions were denied on the grounds of privilege. It is undisputed that, either prior to or after the preliminary hearing, or for approximately 8 months prior to trial, the defense knew the name of the informant, not through an affirmative disclosure by the state but because the informant himself came forward to disclose his identity to the defense. Despite this knowledge by defendant, at trial the court ruled the privilege was still in effect, and the informant was never produced as a witness by either side. The defense vigorously argued to the jury lack of

predisposition to sell any marijuana. Nevertheless, the jury found defendant guilty as charged.

Upon appeal, defendant argues that the informer privilege does not apply, and that disclosure should have been mandated; that the informant's role was participation in the offense, which makes the informant a necessary witness. Defendant further argues that the trial court erred in refusing to instruct the jury that they might draw an inference adverse to the state because of the absence of the informant as a witness.

We are of the opinion that on this record the assistance which defendant claims the informant would give in establishing the defense of entrapment is speculative, and that the informant's role was not such as to make him a material witness. This is so despite the contradictory version of the events as testified to by defendant. We are bound to view the testimony most favorably to the prosecution if it reasonably sustains the verdict, and will assume the jury disbelieved the contradictory testimony. State v. Coy, 294 Minn. 281, 200 N. W. 2d 40 (1972); 5B Dunnell, Dig. (3 ed.) § 2500. We are not unmindful of the fact that at all times prior to trial, the testimony of agent Shannon was all that the court had to rely upon in ruling on the informer privilege, despite a special pretrial hearing arranged by the court to hear the issue. Defendant refused to participate in that hearing, notwithstanding the court's order that defendant's testimony would not constitute a waiver of his Fifth Amendment rights at trial. Defendant's action of waiting until trial to testify to or otherwise present a contrary version cannot be ignored when considering his claim that the court erred in not ordering disclosure, and must be viewed in the light of the consistent preliminary hearing and trial testimony of agent Shannon.

In recent years, this court has had several opportunities to apply the informer privilege rules set out in Roviaro v. United States, 353 U. S. 53, 77 S. Ct. 623, 1 L. ed. 2d 639 (1957). In State v. Purdy, 278 Minn. 133, 153 N. W. 2d 254 (1967), we held that when an informant is a mere transmitter of information and not an active participant so as to be a competent witness to the crime itself, the informant's name need not be disclosed. See, also, State v. DeSchoatz, 280 Minn. 3, 157 N. W. 2d 517 (1968). Most recently, in State v. Werber, 301 Minn. 1, 221 N. W. 2d 146 (1974), a case which involved greater inducement and participation by the informer than was present here, we held disclosure was not mandated. In all of the cases, state and Federal, the decision turns on the element of the informer's presence or participation in the criminal transaction. Since the informer here was not a witness to the sale, he was not in a position to corroborate defendant's contention. As such,

his testimony cannot be characterized as relevant and helpful to the defense, and the lower court was correct in denying disclosure of the informer's identity.

Defendant asserts that his knowledge of the informer's identity several months prior to trial vitiates the state's privilege to keep the name secret. This claim is based on one short statement from Roviaro v. United States, *supra*:

"The scope of the privilege is limited by its underlying purpose. * * * Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." 353 U. S. 60, 77 S. Ct. 627, 1 L. ed. 2d 644.

While it is not clear that the above language applies to this case, where the defense independently learned of the informer's identity through the action of the informant himself, we do not decide on this basis. In footnote 8 of the Roviaro opinion accompanying the above quoted section, the Supreme Court cited Sorrentino v. United States, 163 F. 2d 627 (9 Cir. 1947). That case held that if the informer's identity were known, the trial court's failure to require disclosure would not be prejudicial even if erroneous. This has been the universal rule in the Federal courts.[1] Defendant cannot claim prejudice by reason of the court's allowing the prosecution to withhold an informer's identity as privileged where defendant already knew his name. Neither was defendant prejudiced by the trial court's denial during trial of his request for the informant's whereabouts. Although at the time of the preliminary hearing the informer was working for agent Shannon and the prosecution knew his whereabouts, defense counsel never asked where he could be located. Eight months later at trial when such request was made, the informant was no longer working for the agent and he did not know where he was and would have considerable difficulty locating him. Inasmuch as defendant knew the informant's identity for many months, it was his responsibility to secure his attendance as a trial witness. State v. Beltowski, 281 Minn. 28, 160 N. W. 2d 705, certiorari denied, 393 U. S. 988, 89 S. Ct. 468, 21 L. ed. 2d 450 (1968); 19A Dunnell, Dig. (3 ed.) § 9721b.

Lastly, defendant challenges the trial court's instructing the jury on

[1] United States v. Barnes, 486 F. 2d 776, 779 (8 Cir. 1973), and citations therein; Churder v. United States, 387 F. 2d 825 (8 Cir. 1968); United States v. Roell, 487 F. 2d 395 (8 Cir. 1973); United States v. Weinberg, 478 F. 2d 1351 (3 Cir. 1973).

the informer privilege. In view of our prior holding that the privilege still existed, we also hold that no error resulted from the instruction. Also challenged is the refusal by the trial court to give an instruction or allow arguments to the jury that since the informer was under the control of the state, the jury could infer from his absence that his testimony would be contrary to the state's position at trial. State v. Wilson, 244 Minn. 382, 69 N. W. 2d 905 (1955). The court in Wilson, however, stated that the presumption that the failure to call an available witness possessing *peculiar knowledge of the facts* raises the question as to whether the testimony would be unfavorable. Here, the informer at the time of trial was not "under the state's control" and not an "available" witness. The agent did not know where he was. Also, the informer here did not observe the negotiations or sale, thus, was without "peculiar knowledge of the facts." The Wilson presumption is, in our view, not applicable to the facts here. In any event, the refusal to give a proposed instruction lies within the discretion given to the trial judge, and no error results where the evidence does not support the proposed charge and no abuse of discretion has been shown. State v. Bailey, 235 Minn. 204, 50 N. W. 2d 272 (1951); 19A Dunnell, Dig. (3 ed.) § 9774(2). Also, counsel should not be allowed to comment on the absence of a witness in his argument to the jury if the circumstances and evidence presented do not give rise to the inference that his testimony would be unfavorable to the adverse party. Zuber v. Northern Pacific Ry. Co. 246 Minn. 157, 74 N. W. 2d 641 (1956); 19A Dunnell, Dig. (3 ed.) § 9799(6).

For the reasons stated herein, we hold that no error resulted from the trial court's handling of the informer-disclosure issue throughout the proceedings, and the conviction is, accordingly, affirmed.

Affirmed.