**STATE of Minnesota, Appellant and Cross-Respondent,**

v.

**Mary Ann MARTINEZ, Respondent and Cross-Appellant.**

**No. 49076.**

Supreme Court of Minnesota.

Sept. 8, 1978.

**122**

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Kelly, County Atty., Stephen L. Muehlberg, Asst. County Atty., Stillwater, for appellant.

Stephen W. Cooper, St. Paul, for respondent.

PER CURIAM.

This is a pretrial appeal by the state pursuant to Rule 29.03, subd. 1, Rules of Criminal Procedure, from an order of the district court ordering disclosure of the identity of an informant in a prosecution of defendant for first-degree murder. Defendant in a cross-appeal pursuant to Rule 29.03, subd. 3, challenges the validity of a warranted search of her house and of her arrest. We affirm the orders of the district court and remand for trial.

■ The district court based its order requiring disclosure of the informant's identity upon its conclusion that disclosure was necessary to a fair determination of the issue of defendant's guilt or innocence. *State v. Luciow,* 308 Minn. 6, 240 N.W.2d 833 (1976); *State v. Villalon,* 305 Minn. 547, 234 N.W.2d 189 (1975); *State v. Werber,* 301 Minn. 1, 221 N.W.2d 146 (1974). We hold that the district court did not abuse its discretion in this decision.

The issues raised by the cross-appeal include (1) whether the affidavit in support of the search warrant application contained adequate information about the veracity of the informant and the reliability of his information, (2) whether the affidavit contained deliberate or reckless material misstatements of fact, (3) whether the affida-

vit justified the belief that seizable items would be found, (4) whether the officers properly executed the warrant, and (5) whether there was probable cause to arrest defendant.

■ We hold: (1) Corroboration of the details of the informant's tip justified the conclusion that for Fourth Amendment purposes the informant was credible and the tip reliable. *State v. Causey,* 257 N.W.2d 288 (Minn.1977); *State v. Nolting,* Minn., 254 N.W.2d 340 (1977).

(2) The district court did not clearly err in finding that there was no deliberate or reckless material misstatement of fact in the affidavit. Id.

(3) The warrant application adequately showed that the officers had probable cause to believe they would find seizable items.

(4) The district court did not err in its ruling on the contention that the officers executed the warrants in an unlawful manner.

(5) The officers clearly had probable cause to arrest defendant.

Affirmed.