STATE of Minnesota, Respondent,

v.

Marc Joseph ARENS, Appellant.

No. C2–97–2051.

Supreme Court of Minnesota.

Nov. 19, 1998.

John M. Stuart, State Public Defender, Marie Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Hubert Humphrey III, Atty. Gen., Nancy J. Bode, Asst. Atty Gen., St. Paul, Richard Maes, Lyon County Atty., Marshall, for respondent.

## OPINION

GILBERT, Justice.

Marc Joseph Arens appealed from a "cash only" pretrial bail condition for release and then pled guilty to the underlying offense. Arens contends that his conviction does not render this issue moot and that the cash only requirement is unconstitutional. The court of appeals declined to address the merits of the constitutional issue holding the issue was moot because the trial court amended its order before the court of appeals' ruling. Because we conclude that Arens' subsequent conviction renders this issue moot under these facts, we affirm the court of appeals decision, but on other grounds.

On July 26, 1997, Marc Joseph Arens was arrested in Marshall, Minnesota and charged with possession of a controlled substance, driving under the influence of alcohol, refusing to submit to alcohol testing, and driving after cancellation of his license. At Arens' first appearance, the district court set bail at $20,000 "cash only." Arens did not post bail and remained in custody pending trial.

Between August and December 1997, Arens moved the district court to amend the bail order four times, claiming that the amount of the bail was excessive and that the "cash only" restriction violated the constitutional mandate that "all persons before conviction shall be bailable by sufficient sureties." *See* Minn. Const. art. I, § 7. The district court denied each of Arens' motions.

On November 6, 1997, Arens appealed the bail order to the Minnesota Court of Appeals. On December 31, 1997, the court of appeals granted Arens' motion for an expedited review of his appeal. However, on January 7, 1998, less than one week later, the district court sua sponte amended Arens' bail order by removing the "cash only" requirement and permitting Arens to gain pretrial release by posting a $30,000 appearance bond. Arens did not post the bond.

In an opinion dated January 27, 1998 the court of appeals held that, since the bail order had been amended to permit a bond, the issue concerning the "cash only" restriction was moot. The court of appeals then held that the trial court did not clearly abuse its discretion in modifying bail to allow a $30,000 bond.

Pursuant to a plea agreement filed on February 11, 1998, Arens pled guilty to one count of possession of a controlled substance. All other charges were dismissed. In accordance with the plea agreement, the trial court stayed imposition of a prison sentence, placed Arens on 5 years probation, and ordered Arens to serve 233 days in jail. With credit for time served, Arens was released on March 9, 1998, the same day as his sentencing hearing.

■ Prior to his guilty plea, Arens appealed to this court claiming that the "cash only" bail requirement violated Minn. Const. art. I, § 7. For reasons different from those of the court of appeals, we hold that Arens' constitutional claims are moot.

■ It is well established in this state's jurisprudence that this court will only decide actual controversies. We do "not issue advisory opinions, nor decide cases merely to establish precedent." *In re Schmidt*, 443 N.W.2d 824, 826 (Minn.1989). "If the court is unable to grant effectual relief, the issue raised is deemed to be moot resulting in

dismissal of the appeal." *Id.* Therefore, "[a]s a constitutional prerequisite to the exercise of jurisdiction, we must consider the mootness question." *Id.*

The court of appeals in this case held that Arens' claim concerning the constitutionality of "cash only" bail was moot because the district court's sua sponte amendment of the bail order to permit a bond effectively precluded the appellate court from granting Arens any relief. However, we need not discuss the grounds for the court of appeal's holding because Arens' subsequent conviction independently rendered his appeal to this court moot.

 We have long recognized that "in the absence of extraordinary circumstances * * * questions concerning the amount of defendant's pretrial bail are moot after conviction." *State v. Huber,* 275 Minn. 475, 478, 148 N.W.2d 137, 140 (1967); *see also State v. Jones,* 311 Minn. 176, 184–85, 247 N.W.2d 427, 432 (1976); *State v. Beltowski,* 281 Minn. 28, 33, 160 N.W.2d 705, 708, *cert. denied,* 393 U.S. 988, 89 S.Ct. 468, 21 L.Ed.2d 450 (1968); *State v. Castle,* 260 Minn. 293, 295, 109 N.W.2d 593, 595 (1961), *cert. denied,* 368 U.S. 978, 82 S.Ct. 481, 7 L.Ed.2d 439 (1962). Here, the record shows no extraordinary circumstances or any indication that the "cash only" bail requirement interfered with Arens' ability to obtain a fair trial. Because Arens has already pled guilty, a holding that his pretrial cash bail was unconstitutional would provide him no relief and, at oral arguments, Arens' counsel conceded that Arens was not requesting any relief. Thus, the issue is moot.

■ Arens argues that we should still reach the merits of the "cash only" bail issue under the exception to the mootness doctrine for issues that are capable of repetition, yet evading review. *See State ex rel. Doe v. Madonna,* 295 N.W.2d 356, 361 (Minn.1980) (discussing the exception). We have held that "the mootness doctrine is a flexible discretionary doctrine, not a mechanical rule that is invoked automatically whenever the underlying dispute between particular parties is settled or otherwise resolved," *State v. Rud,* 359 N.W.2d 573, 576 (Minn.1984). However, we have also required the issue to be functionally justiciable before we exercise jurisdiction. "A case is functionally justiciable if the record contains raw material * * * traditionally associated with effective judicial decision making." *Id.* The present case is not functionally justiciable because there is nothing in the record on which we can base a conclusion that "cash bail" is an issue that has some likelihood of repetition or is one of statewide significance that should be decided immediately.

We therefore hold that, under these facts, the bail issue is moot.

Affirmed.