STATE of Minnesota, Respondent,

v.

Joe Eddie HUDSON, Appellant.

No. 48639.

Supreme Court of Minnesota.

July 20, 1979.

C. Paul Jones, Public Defender and Kathy A. King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Asst. County Atty., Appellate Division, and David W. Larson, Asst. County Atty., Minneapolis, for respondent.

## OPINION

WAHL, Justice.

Defendant was found guilty by a district court jury of charges of aggravated robbery, Minn.St. 609.245, and being a felon in possession of a pistol, Minn.St. 624.713. He was sentenced by the trial court to a term of 20 years for aggravated robbery and to an additional 20 years under the dangerous offender statute, Minn.St. 609.155 and 609.-16, the sentences to be served consecutively.

On this appeal from judgment of conviction defendant contends (1) that he was denied a fair trial by (a) the failure of the court to sua sponte sever the offenses and the admission of certified copies of prior convictions for the purpose of showing that he was a felon within the terms of § 624.713, (b) the admission of testimony about the content of statements made by the two men with whom he was arrested, (c) the admission of certain Spreigl evidence and the wording of the court's cautionary instruction concerning the use of this evidence, (d) his counsel's failure to request an omnibus hearing, and (e) the court's order requiring him to wear a hidden leg restraint during trial, and (2) that the trial court erred in sentencing him under the dangerous offender statute. We affirm the convictions but remand for correction of sentence.

The charges against defendant arose out of an armed robbery committed on July 19, 1977, on a customer about to enter the First Minnehaha National Bank on Lake Street in Minneapolis. The victim of the robbery was Timothy Nelson, and the property taken was receipts from Nelson's job as a newspaper delivery person and newspaper vending machine service person at three Minneapolis hospitals. The only other witness to the robbery was a bank employee, Ronda Raze, returning to the bank. Both Nelson and Raze gave the police descriptions of the robber, as well as the getaway car's description and license plate number.

The getaway car had been stolen shortly before the robbery from a lot near Northwestern Hospital. On the basis of a tip, the police determined that the man who had stolen the getaway car had been riding in a Cutlass registered to a woman named Carla Fuller. About 3:00 o'clock that afternoon police officers stopped this Cutlass. In it were defendant, who gave a false name and address, and two others, Clarence Lynch and John Gaston. The three men were arrested and transported in different cars to the police station, where they were interrogated separately.

Both witnesses to the robbery identified defendant at a lineup and at trial. Nelson was positive in his identification, but he had seen the robber for only a few seconds and his description of the robber's weight and height did not fit defendant. The discrepancies can be explained because defendant had a 2-inch Afro and when arrested was wearing shoes with 3-inch heels and because Nelson's assessment of weight was based on his description of defendant's height. The bank employee, Raze, was not positive in her identification of defendant as the robber. Because this evidence was inconclusive and identity was in issue, the prosecution was permitted to introduce evidence that defendant had robbed the cashier at Mount Sinai Hospital on July 13 and robbed the cashier at Fairview Hospital, where Nelson delivered papers, on July 18.

The prosecution also introduced at trial the statements defendant, Lynch, and Gaston made to police after their arrest, as well as certified copies of two prior convictions of defendant, to prove an element of the charge of being a felon in possession of a pistol.

1. Defendant argues that the trial court's actions denied him a fair trial.

(a) His first complaint is that the trial court erred in failing to sua sponte sever the offense of being a felon in possession of a pistol from the offense of aggravated robbery. He also challenges the court's rejection of his offer to stipulate that he was a felon within the terms of the statute and that the only issue was whether he had committed the robbery and therefore possessed a gun.

We recently discussed these same issues in *State v. Moore,* 274 N.W.2d 505 (Minn. 1979), where we held that failure to move for severance constitutes a waiver unless defendant can show good cause for relief from the waiver. Rule 10.03, Rules of Criminal Procedure. In that case the prosecutor joined the offenses of second-degree criminal sexual conduct, aggravated assault, and being a felon in possession of a pistol because he believed the offenses arose from the same course of conduct and, therefore, had to be joined for charging purposes under Rule 17.03, subd. 1, Rules of Criminal Procedure. On appeal we rejected defendant's argument that he had not known the

prosecution would be able to prove he had a prior conviction and stated that simply by being charged with the weapons violation defendant had notice that the prosecution would need to prove he had a prior conviction because it is an element of the offense. We did note, however, that a stipulation would be one way to keep the evidence of prior convictions from the jury and thus eliminate the possibility that such evidence would influence the jury's determination of the weapons offense, as well as the other offenses. 274 N.W.2d 507, n. 4. We affirmed defendant's conviction because we believed that counsel may have had a tactical reason for failing to move for severance and that defendant was not prejudiced by the joinder.

Under the reasoning of *State v. Moore,* the failure of defense counsel in the instant case to move for a severance constitutes a waiver of that issue. The court's refusal to accept defendant's offer to stipulate that he was a felon presents more difficulty. Although defendant cannot complain that the jury knew he had prior convictions when they were considering the robbery charge because of his failure to move for severance, had his stipulation been accepted, the jury would not have known what crimes his prior conviction involved. While the trial court might have accepted the stipulation, we find no abuse of discretion in its refusal to do so. We note, in addition, that even if the stipulation had been accepted, the jury would have learned of the crimes defendant allegedly committed 1 and 5 days before this robbery.

(b) Defendant's second claim is that the trial court erred in permitting testimony concerning the statements Lynch and Gaston made when questioned by police. Defendant argues that the statements were inadmissible hearsay and that they violated his right to confrontation. We do not reach the confrontation issue because defendant failed to raise this argument at trial.

An out-of-court statement is hearsay only if it is being offered to prove the truth of the matter asserted. Rule 801(c),

Rules of Evidence. The statements of Lynch and Gaston were admitted only to prove that all three men gave conflicting, and therefore false, statements when arrested. These statements did not implicate defendant in any way; thus, the trial court did not err in admitting them. See, *Anderson v. United States,* 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974); *United States v. Kelly,* 551 F.2d 760 (8 Cir. 1977), certiorari denied, 433 U.S. 912, 97 S.Ct. 2981, 53 L.Ed.2d 1097 (1979). Trial courts must be extremely careful in admitting such evidence, but in this case we conclude that the trial court properly admitted the statements for non-hearsay purposes.

(c) Defendant's third contention is that the trial court erred in admitting other-crime evidence and in instructing the jury to consider this evidence only if it were satisfied that the prosecution had shown defendant's participation in the other crimes by clear and convincing evidence.

There is no merit to this argument. See, *State v. Billstrom,* 276 Minn. 174, 149 N.W.2d 281 (1967), where we held that evidence of other crimes closely connected in point of time, location, or modus operandi is admissible to establish identity, but only if defendant's participation in other crimes is proved by clear and convincing evidence. See, also, *State v. Bowser,* 305 Minn. 431, 234 N.W.2d 890 (1975); *State v. Meadows,* 303 Minn. 76, 226 N.W.2d 303 (1975). In the instant case the evidence of identity was not conclusive, and, therefore, evidence of other crimes was necessary to prove that defendant was the robber. The other crimes were both robberies, were committed within 5 days of this robbery, the victim delivered newspapers and serviced vending machines at one of the two south Minneapolis hospitals defendant allegedly robbed, and the robber used the same basic words in each robbery. These robberies were thus sufficiently connected to the one in this case to permit the admission of this evidence.

(d) Defendant's next claim is that his attorney failed to represent him adequately

because the attorney erroneously waived the issue of the legality of his arrest. Specifically, defendant contends that his counsel could have successfully challenged his arrest on probable cause grounds and that but for the arrest he would not have been identified.

█ There is no merit to this claim. Ordinarily, when there is a question of probable cause, the defense counsel, pursuant to Rule 8.03, Rules of Criminal Procedure, demands a hearing on the issue, and this hearing is held as part of the omnibus hearing provided for by Rule 11. Although it would be unusual not to request determination of the issue when it is arguably raised by the facts, we presume that counsel in this case was aware of the state's case and may have had tactical reasons for waiving a hearing on this issue.

While such a hearing was not held, the record on appeal contains evidence indicating that the police had good reason to believe the robber used the Cutlass prior to stealing the getaway car and after the robbery. The record also shows that the police had a description of the robber, which defendant fit. Thus, even without benefit of the more detailed record that a hearing on the issue would have provided, we conclude that the arrest was lawful and defendant was not prejudiced by counsel's waiver.

█ (e) Defendant challenges the requirement that he wear leg braces during the trial. While this court has a deep concern about the prejudicial effects of restraints on defendant during trial, the record in this case shows that the court reasonably feared defendant might attempt to escape, that he had done so twice before, and that extra security precautions were necessary. Further, there is no suggestion that the jury was aware of the brace on defendant's legs.

2. Defendant also claims that the trial court erred in sentencing him as a dangerous offender because (a) the "multiplier clause" of the statute permits an extended sentence only if there are at least two prior convictions; (b) all of his prior convictions arose from the same behavioral incident and as such should have been treated as one prior conviction; and (c) he was sentenced to two consecutive 20-year terms, rather than one 40-year term.

Minn.St. 609.155, subd. 1, which defines the extended term of imprisonment authorized for dangerous offenders, provides:

"'Extended term of imprisonment' means a term of imprisonment the maximum of which may be for the maximum term authorized by law for the crime for which the defendant is being sentenced multiplied by the number of his prior felony convictions, but not to exceed 40 years."

This statute does not permit an extended sentence if the defendant has only one prior conviction. Multiplying the maximum term authorized for the crime, in this case 20 years, by one prior conviction, yields a sentence no greater than the maximum term $(20 \times 1 = 20)$.

█ Defendant in the instant case, however, was properly sentenced under the statute to an extended term because he had more than one prior conviction. He was convicted of robbery in federal district court in Tennessee in 1975 and was convicted of robbery, assault, and carrying a dangerous weapon in Tennessee state court in 1974.[1] The acts underlying the federal conviction were legally distinct and separate from the acts underlying the state convictions. There is thus no merit to defendant's argument that the convictions should be treated as one because they arose from the same behavioral incident. See, Minn.St. 609.035; *State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966).

█ The trial court did err in sentencing defendant to two consecutive 20-year terms. It is not a separate crime to be a dangerous offender; thus, a separate sentence for being a dangerous offender is not permitted. Rather, the dangerous offender statute merely permits an extended sen-

---

1. See, *State v. Hudson,* 562 S.W.2d 416 (Tenn. 1978).

tence for the crime of which defendant was convicted.

 The district court is authorized to correct this error without defendant, who is currently incarcerated in Kentucky, being present.

Remanded for correction of sentence.