**Lawrence STEPHENS, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. CX–85–221.**

Court of Appeals of Minnesota.

June 25, 1985.

C. Paul Jones, Minnesota Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Lawrence Grant Stephens was convicted of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(e) (1982) and criminal sexual conduct in the third degree, Minn.Stat. § 609.343(c) (1982). The third degree conviction was vacated pursuant to Minn.Stat. § 609.04 (1984) and appellant was sentenced to 60 months imprisonment. He appeals from the denial of his petition for post-conviction relief, asserting the evidence was insufficient, the prosecutor improperly questioned a police officer about statements an accomplice made, the prosecutor committed misconduct in closing argument and that a 17 month durational departure was not justified by substantial and compelling circumstances. We affirm.

## FACTS

On July 7, 1983, Geralyn Boyd, age 20, was socializing, drinking and watching TV with friends and acquaintances, including Stephens, in her apartment.

Around midnight Boyd bet Stephens, whom she had known for six to seven years and with whom she felt safe, that she could run around Central High School's track a number of times. While they were at the track, three men who had been at the apartment "party," arrived in a car. One of them grabbed Boyd from the front while

Stephens grabbed her from behind. She was forced to engage in sexual intercourse with the other man and oral sex with Stephens. Boyd was led back to the apartment building. She was in a hysterical state and the police were called.

Police officers testified Boyd was visibly shaken, crying and had red marks on her neck and arms, scratches on her face and a lump on her head. At the track field the police officers recovered a matchbook and coins. Boyd was taken to the hospital where it was established that Boyd had been sexually penetrated and had received physical injuries a few hours prior to the examination.

Defense witnesses testified that Boyd was drunk, flirted with the men at the party and voluntarily performed fellatio on some of the men. Stephens testified that Boyd voluntarily performed fellatio on him as payment on a lost bet. A detective testified about various inconsistent statements the accomplice made to police and numerous versions of the events by Stephens.

## ISSUES

1. Was the evidence sufficient to convict Stephens of criminal sexual conduct in the first degree?

2. Did the trial court err in admitting the accomplice's statements to the detective?

3. Did the prosecutor commit prejudicial prosecutorial misconduct in closing argument?

4. Was the upward durational departure justified by substantial and compelling circumstances?

## ANALYSIS

### I.

■ Boyd's largely unimpeached testimony, the medical evidence and the prompt reporting of the incident was sufficient to sustain Stephens' conviction.

### II.

■ Stephens challenges the admission of statements his accomplice made to the detective, contending they were irrelevant and violated his right to confrontation. Since Stephens failed to raise these issues at trial, we need not reach them here. *State v. Hudson,* 281 N.W.2d 870, 873 (Minn.1979).

### III.

■ Stephens claims he was prejudiced by improper remarks by the prosecutor in closing argument. His counsel's failure to object forfeited Stephens right to have the issue considered on appeal. *State v. Whisonant,* 331 N.W.2d 766, 769 (Minn.1983); *State v. Rose,* 353 N.W.2d 565, 570 (Minn. Ct.App.1984).

### IV.

■ Stephens challenges the 17 month upward durational departure from the 43 month presumptive sentence. The trial court concluded that Boyd had been treated with particular cruelty and sustained severe psychological damage. The court also noted Boyd was particularly vulnerable. Boyd was a young, uneducated, trusting woman who knew Stephens for years. Stephens also knew Boyd had been drinking that night. The record supports the trial court's discretionary, limited durational departure. *See State v. Norton,* 328 N.W.2d 142, 146–47 (Minn.1982); *State v. Morales,* 324 N.W.2d 374, 376–77 (Minn.1982); *State v. Martinez,* 319 N.W.2d 699 (Minn.1982).

## DECISION

The evidence supports Stephens' conviction of criminal sexual conduct in the first degree. The alleged prejudice by the admission of Stephens' accomplice's statements to police was not raised at the trial level. The alleged prosecutorial misconduct was not objected to at trial. The limited durational departure was justified by substantial and compelling circumstances.

Affirmed.