STATE of Minnesota, Respondent,

v.

Lorenzo Pla PEREZ, Appellant.

No. CX–85–686.

Court of Appeals of Minnesota.

Feb. 4, 1986.
Review Denied April 11, 1986.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey County Atty., Ste-

ven C. DeCoster, Thomas B. Poch, Asst. County Attys., St. Paul, for respondent.

William A. Falvey, Ramsey County Public Defender, Jon R. Duckstad, Asst. Public Defender, St. Paul, for appellant.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Lorenzo Pla Perez was convicted of burglary in the second degree, Minn. Stat. § 609.582, subd. 2(a) (1984), and attempted burglary in the second degree, Minn.Stat. §§ 609.582, subd. 2(a) and 609.17 (1984). On appeal, Perez contends the attempted burglary conviction must be vacated and he challenges the admission of a co-defendant's statement made to police after arrest as in violation of his right of confrontation. We affirm, but vacate the attempted burglary conviction.

### FACTS

On August 15, 1984 around 1:00 p.m., Hugh Morgan was riding his bicycle to a job site. He worked restoring historic buildings in the Summit-University area of St. Paul. As he rode on Mackubin Street near Holly, he heard the sound of a screen being cut. He saw three Hispanic/Mexican-looking men on the front screen porch of the house where he heard the screen being cut. Morgan knew the house and its owner and knew none of the men was the owner. Morgan observed the men and watched while one of them waved a newspaper at him and smiled. Morgan hurried to his job site and quickly reported a burglary in progress.

A St. Paul police officer responded and spotted two Hispanic males crossing Holly a few houses from Mackubin. The officer approached them and asked what they were doing. One of them, Angel Lopez, said that he and Perez, the other man, were looking for a stolen bicycle. Lopez was bare-chested with a knapsack on his back and had a pair of gloves sticking out of the right rear pocket of his shorts. The men were brought to the home on Mackubin where Morgan positively identified Perez and Lopez as two of the three suspects he had seen. Lopez' knapsack contained articles of clothing, toiletries, a screwdriver, a wood chisel, a putty knife, and a pair of gloves.

Sergeant Arthur Renteria, who speaks Spanish, interviewed the suspects after their arrest. Perez told Renteria that Lopez had come to Perez' apartment on his bicycle and the two men went together to a drugstore at Selby and Western where the bike was stolen. He claimed they were searching for the bicycle when they were stopped by police.

Lopez told Renteria that he went alone to the drugstore and while looking for the stolen bike ran into Perez.

At trial, Renteria testified, over objection, about Lopez' statement. Perez testified and agreed with Lopez' statement regarding how the two met up that day. The jury returned guilty verdicts on charges of burglary in the second degree and attempted burglary in the second degree. At sentencing, defense counsel moved "that the findings of guilty by the jury with respect to only the attempted burglary be vacated and set aside on the basis that they are really part of the burglary conviction." The trial court apparently understood the motion as one to overrule the jury's "findings" and denied the motion. Perez was sentenced for the burglary conviction for 23 months, execution stayed, with nine months in the workhouse as one of the conditions of probation.

### ISSUES

1. Must appellant's attempted burglary conviction be vacated under Minn.Stat. § 609.04 (1984)?

2. Was appellant's right to confrontation violated by admission of his co-defendant's statement?

## ANALYSIS

### I.

The State concedes that, under Minn. Stat. § 609.04, subd. 1(2), the attempted burglary conviction must be vacated. A more carefully phrased motion perhaps would have alleviated the need to raise this issue on appeal.

### II.

In ruling that Lopez' statement was admissible, the trial court indicated the statement was not hearsay under Minn.R.Evid. 801(c) and *State v. Hudson*, 281 N.W.2d 870 (Minn.1979), and was not in violation of the right of confrontation, citing *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). We agree.

 Lopez' statement was offered to show that he and Perez gave conflicting statements when arrested. The statement did not implicate appellant in the crime. The statement was not offered to prove the truth of the matter asserted and was not hearsay under Minn.R.Evid. 801(c). *Hudson*, 281 N.W.2d at 873. *See Anderson v. United States*, 417 U.S. 211, 219–20, 94 S.Ct. 2253, 2260, 41 L.Ed.2d 20 (1974); *United States v. Weaver*, 565 F.2d 129, 135–36 (8th Cir.1977). *See also Tennessee v. Street*, — U.S. ——, 105 S.Ct. 2078, 2081, 85 L.Ed.2d 425 (1985); *State v. Hanley*, 363 N.W.2d 735 (Minn.1985). The prosecutor stated clearly in closing argument that Lopez' statement was not offered to prove the truth of the matter, but to show that conflicting statements were made by the two suspects.

 Although the hearsay rule and the confrontation clause are not coextensive, they "are generally designed to protect similar values." *California v. Green*, 399 U.S. 149, 155–56, 90 S.Ct. 1930, 1933–34, 26 L.Ed.2d 489 (1970). Like the hearsay rule, the confrontation clause is unconcerned with statements not offered to prove the truth of the matter asserted. *See Anderson v. United States*, 417 U.S. 211, 219, 220 & n. 11, 94 S.Ct. 2253, 2260, n. 11, 41 L.Ed.2d 21 (1974); *United States v. Bruner*, 657 F.2d 1278, 1285 (D.C.Cir.1981).

## DECISION

Appellant's attempted burglary conviction must be vacated under Minn.Stat. § 609.04. Appellant's confrontation rights were not violated by admission of co-defendant's statement, which was not offered to prove the truth of the matter asserted but was offered to prove that conflicting statements were made by appellant and the co-defendant.

Affirmed as modified.