STATE of Minnesota, Respondent,

v.

Dennis J. MOORE, Appellant.

No. 47866.

Supreme Court of Minnesota.

Jan. 12, 1979.

C. Paul Jones, Public Defender, Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., John Daniels, Jr., Sp. Asst. Atty. Gen., St. Paul, Helen Hill Blanz, County Atty., Grand Rapids, for respondent.

PER CURIAM.

Defendant was originally charged by a five-count complaint with five offenses: one count of second-degree criminal sexual misconduct, two counts of aggravated assault, one count of being a felon in possession of a pistol, and one count of furnishing intoxicating liquor to a minor. The district court granted the prosecutor's motion to

dismiss the liquor count and defense counsel's motion to dismiss one of the two aggravated assault charges. The jury found defendant not guilty of the remaining aggravated assault charges and not guilty of second-degree criminal sexual conduct, but guilty of the lesser-included offense of fourth-degree criminal sexual conduct[1] and guilty of being a felon in possession of a pistol.[2] The trial court, while not agreeing with defense counsel that the two convictions arose from the same behavioral incident, nonetheless sentenced defendant only on the sexual misconduct charge to a term of 5 years in prison with the sentence to run consecutively to any previous sentences for which parole might be revoked. Defendant appeals to this court challenging only the conviction of the sex offense. His basic claim is that his joint trial on the weapons charge and the sex charge violated his constitutional rights, requiring a reversal of the conviction of the sex offense. We affirm.

Rule 17.03, subd. 1, Rules of Criminal Procedure, allows limited joinder of offenses, the test for joinder being the same as that provided in Minn.St. 609.035, which allows prosecuting and punishing a defendant only once for multiple crimes arising from a single course of conduct. The approach we follow under § 609.035 in determining whether two or more intentional crimes arose from the same behavioral incident is to focus on the factors of time and place and to consider also whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective. *State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966).

In this case defense counsel himself argued at the time of sentencing that the weapons offense and the sex offense arose from the same course of conduct. The trial court, while sentencing defendant only for the sex offense, disagreed with this, and we do too. However, the fact that defense counsel argued this shows that the state was justified in joining the offenses in one complaint in order to protect itself against any later claims of multiple prosecutions contrary to § 609.035. See, *State v. Johnson, supra.*

Under Rule 17.03, subd. 3, Rules of Criminal Procedure, defense counsel should have moved for severance of the weapons charge if he did not want it tried jointly with the other charges, and under Rule 10.03, the failure to so move constitutes a waiver of the issue unless defendant can show good cause for relief from the waiver.[3] Here defendant argues that his

---

1. Minn.St. 609.345 provides in relevant part as follows: "A person is guilty of criminal sexual conduct in the fourth degree and may be sentenced to imprisonment for not more than five years, if he engages in sexual contact with another person and if any of the following circumstances exists:

    \* \* \* \* \* \*

    "(c) The actor uses force or coercion to accomplish the sexual contact; or \* \* \*."

    "Sexual contact" is defined at § 609.341, subd. 11, as follows: " 'Sexual contact' includes any of the following acts committed without the complainant's consent, if the acts can reasonably be construed as being for the purpose of satisfying the actor's sexual or aggressive impulses, except in those cases where consent is not a defense:

    "(i) The intentional touching by the actor of the complainant's intimate parts, or

    "(ii) The coerced touching by the complainant of the actor's, the complainant's or another's intimate parts, or

    "(iii) The coerced touching by another of the complainant's intimate parts, or

    "(iv) In any of the cases above, of the clothing covering the immediate area of the intimate parts."

2. Minn.St. 624.713 makes it a felony for a felon to possess a pistol. A felon is defined as follows: "A person who has been convicted in this state or elsewhere of a crime of violence unless ten years have elapsed since the person has been restored his civil rights or the sentence has expired, whichever occurs first, and during that time he has not been convicted of any other crime of violence."

    Section 624.712, subd. 5, defines "crimes of violence."

    Section 624.713 does not set a penalty, but § 609.03 provides that a 5-year term may be imposed if the crime is a felony and no punishment is otherwise provided.

3. In *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), the United States Supreme Court upheld the constitutionality of the waiver provisions of Rule 12(b), which is similar to our Rule 10.03.

counsel would have moved for severance if he had received pretrial notice that the prosecutor, in proving the weapons violation, intended to prove that defendant had a prior conviction. The trouble with this argument is that defendant, simply by being charged with the weapons violation, had notice that the prosecutor would have to prove defendant had a prior conviction. This is because in order to gain a conviction of the charge, the prosecutor, in the absence of a stipulation removing the issue from the case,[4] must prove that the defendant had a prior conviction. See, *State v. Doeden*, 309 Minn. 544, 245 N.W.2d 233 (1976). Since the mere charging of defendant with the offense gave defendant notice that the state would be introducing evidence of a prior conviction, defendant's claim that his failure to move to sever is attributable to the state must be rejected.

In fact, since the record is silent as to the reasons defense counsel failed to move to sever, it is just as possible that it was a deliberate decision by the defense counsel based on reasons of strategy. A defendant may decide not to move to sever in a case in which severance would otherwise be in order because he wishes to avoid having to defend himself in separate trials. A. B. A. Project on Standards for Criminal Justice, Standards Relating to Joinder and Severance, § 1.1, comments. He may also reasonably believe that he has a better chance of obtaining concurrent sentences if all the charges are filed at once. Id.

Finally, defendant has not convinced us that he was prejudiced by the failure to sever. One fact which stands out is that although the jury knew that defendant had once been convicted of aggravated robbery,[5]

it acquitted defendant of the aggravated assault charge and the charge of second-degree criminal sexual conduct, finding him guilty only of the lesser-included sex charge and the weapons charge. While this fact does not demonstrate conclusively that the evidence of the prior conviction did not influence the jury, it at least is a fact which must be considered in determining the likelihood of prejudice. Another important factor is that the jury did not just rely on the testimony of one person. There were three witnesses to what happened and their testimony strongly supports the determination that defendant committed fourth-degree criminal sexual conduct. A third fact which cannot be overlooked is the fact that the trial court sentenced defendant to only one 5-year term, even though it could have sentenced him to two. Since defendant does not challenge his conviction of the weapons charge, it is clear that even if the other offenses had been tried separately and he had been acquitted of all of them, he still would have been sentenced to 5 years on the weapons charge because of his extensive record.

In conclusion, we hold that by failing to move to sever, defendant waived his right to challenge the joinder and that he has not shown good cause for obtaining relief from that waiver.

Affirmed.

---

4. In a prosecution under this statute a stipulation might be a way to keep the evidence of the prior conviction from the jury, evidence which potentially could influence the jury's determination of the possession issue. In this case, of course, there is the additional problem of the evidence possibly influencing the jury's determination of the other charges.

5. The jury was not told of defendant's other prior convictions.