STATE of Minnesota, Respondent,

v.

Gregory J. LEHMAN, Appellant.

No. 50525.

Supreme Court of Minnesota.

July 3, 1980.

C. Paul Jones, Public Defender, and Kathy A. King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Div., David W. Larson, Thomas A. Weist and Toni A. Beitz, Asst. County Attys., Minneapolis, for respondent.

WAHL, Justice.

Defendant was found guilty by a district court jury of theft of property valued at more than $100, Minn.Stat. §§ 609.05, subd. 1, 609.52, subds. 2(1), 3(2) (1978), and was sentenced by the trial court to a 5-year prison term. Issues raised by defendant on this appeal from judgment of conviction relate to (1) the sufficiency of the evidence that a theft occurred and that he participated in committing it, (2) the fairness of his being required to defend himself against a complaint which failed to specify the day of the month the theft occurred, and (3) the prejudicial effect of the prosecutor's reference in her opening statement to incriminating accomplice testimony which the prosecutor, through no fault of her own, was unable to produce at trial. We affirm.

Our review of the record satisfies us that the evidence of defendant's guilt was sufficient.

Defendant did not challenge the adequacy of the complaint in the trial court and on appeal has not shown that the allegations as to time were so vague as to make it impossible for him to defend himself. Ordinarily a defendant is deemed to have forfeited an issue as to the adequacy of a complaint unless the defendant either properly raised the issue in the trial court or can show good cause for not having done so. *State v. Moore*, 274 N.W.2d 505, 506 (Minn. 1979). While "this court always has authority to reverse a conviction if it believes that the charge was so vague on the matter of time as to make it impossible for the defendant to defend himself,"—*State v. Waukazo*, 269 N.W.2d 373, 375 (Minn.1978)—the defendant in this case has not made such a showing.

Defendant was offered a mistrial based on the prosecutor's reference in her opening statement to evidence which, through no fault of her own, she was unable to produce, but defendant explicitly rejected this offer. Therefore, defendant is deemed to have forfeited his right to have this issue considered on appeal. *United States v. Griffin*, 579 F.2d 1104 (8th Cir. 1978) (en banc), *cert. denied*, 439 U.S. 981, 99 S.Ct. 569, 58 L.Ed.2d 652 (1978).

Affirmed.