317 N.W.2d 717 (1982)
STATE of Minnesota, Respondent,
v.
Vicki Lynn WOELM, Appellant.
No. 81-845.
Supreme Court of Minnesota.
April 9, 1982.
C. Paul Jones, Public Defender, and Margaret G. LaMarche, Asst. Public Defender, Minneapolis, for appellant.
Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.
Considered and decided by the court en banc without oral argument.
SIMONETT, Justice.
Defendant was found guilty by a district court jury of engaging in prostitution, a gross misdemeanor by virtue of the fact *718 that the conduct occurred within 2 years of a previous conviction for prostitution. Minn.Stat. § 609.324, subd. 3 (1980). The trial court sentenced defendant to a 6-month jail term. On this appeal from judgment of conviction defendant contends that the trial court prejudicially erred in admitting Spreigl evidence concerning the details underlying the previous conviction and that the evidence was legally insufficient to support the conviction. We affirm.
Defendant did not, as she might have, try to keep from the jury the fact that she had previously been convicted of prostitution. See State v. Moore, 274 N.W.2d 505, 507 n.4 (Minn.1979) (suggesting that in the prosecution of a defendant for being a felon in possession of a firearm "a stipulation might be a way to keep the evidence of the prior conviction from the jury, evidence which potentially could influence the jury's determination of the possession issue"). However, defendant did object when the prosecutor sought to present, as Spreigl evidence, the details of the conduct underlying the prior conviction.
As stated in State v. Morrison, 310 N.W.2d 135, 137 (Minn.1981), "The key tests in determining admissibility of Spreigl evidence are whether the evidence is clear and convincing that defendant participated in the Spreigl offense, whether the Spreigl evidence is relevant and material to the state's case, and whether the potential of the Spreigl evidence for unfair prejudice substantially outweighs its probative value." In determining the relevance and materiality of Spreigl evidence this court considers, among other things, the similarity of the charged offense and the Spreigl offense in terms of time, location and modus operandi.
The mere fact that the prior offense was a prostitution offense might not be enough to justify admission of the evidence of the prior offense in a prostitution prosecution. State v. Clark, 293 N.W.2d 49 (Minn.1980). However, where the similarities between the charged offense and the prior offense are great, the evidence of the prior offense should be deemed admissible if the other tests of admissibility are met.
In this case the two offenses both occurred within 6 months of each other and on each occasion the undercover police officer, posing as a potential customer, approached the defendant after observing her streetwalking in the area of University Avenue and Grotto in St. Paul. In both instances defendant dickered with the officer in much the same way and in both instances defendant directed the officer where to drive. Finally, in both instances defendant tried to talk her way out of it after she was arrested.
Unlike State v. Clark, 293 N.W.2d 49 (Minn.1980), it is clear that in this case the state offered the evidence for a proper purpose. Since the evidence was relevant, since the evidence of defendant's participation in the prior offense was clear and convincing, and since the potential of the evidence for unfair prejudice did not outweigh its probative value, we conclude that the trial court properly admitted the evidence.
There is no merit to defendant's contention that the evidence was legally insufficient to support the conviction.
Affirmed.