**STATE of Minnesota, Respondent,**

v.

**Willie D. LOYD, Appellant.**

**No. 81–948.**

Supreme Court of Minnesota.

July 16, 1982.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, University of Minnesota, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Thomas A. Weist and Rick Osborne, Asst. County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

KELLEY, Justice.

Defendant was found guilty by a district court jury of a charge of being a felon in possession of a handgun, Minn.Stat. § 624.-713, subds. 1(b), 2 (1980), and was sentenced by the trial court to an executed term of 22 months in prison, which is the presumptive term for this offense (severity level III) by one with defendant's criminal history score (four). On this appeal from judgment of conviction defendant contends that the evidence that he possessed the weapon was legally insufficient and that the trial court prejudicially erred in permitting the prosecutor to elicit, while cross-examining him, evidence that he had used guns in committing the offenses of which he had been previously convicted. We affirm.

The state's evidence indicated that defendant, while involved in a dispute with the owner of an automobile repair shop, went to his car and returned displaying a black handgun which he pulled from a plastic bag inside of a towel. A police officer testified that later that day he and a fellow officer arrested defendant near his car. Another officer testified that in a subsequent warranted search of the trunk of defendant's car police found a loaded black .44 caliber revolver in a plastic bag inside a towel. The state established that defendant was a felon by offering certified copies of his prior convictions. Defendant did not object to that evidence.

Defendant testified that he did not display a gun during the argument with the shop owner. He also denied knowing that the gun was in the trunk, and a female friend corroborated this. She testified that she put the gun in the trunk while she was using the car and that she did not tell defendant about it when she returned it to him.

While cross-examining defendant, the prosecutor questioned him about his use of a handgun in committing the prior felonies.

 Defendant's first contention on appeal, that the evidence was insufficient to establish that he possessed the gun, is meritless. Although the state only had to prove either actual or constructive possession of the gun by defendant, it proved both.

Defendant's other claim, that the trial court prejudicially erred in allowing the cross-examination concerning his prior use of handguns, is also without merit. Defense counsel did not try to keep from the jury the fact of his prior convictions.[1] Since the unobjected to certified copies of the prior convictions referred to defendant's use of handguns in committing the prior offenses, the evidence of prior use of handguns by defendant was already before the jury at the time the prosecutor cross-examined defendant. In effect, then, the prosecutor's questions merely called the jury's attention to facts already in evidence. In view of this circumstance and the lack of prejudice, we need not decide whether the admission of the evidence in question would have been error under different circumstances.

Affirmed.

---

1. In *State v. Moore*, 274 N.W.2d 505, 507 n.4 (Minn.1979), we suggested that in a prosecution of a defendant for being a felon in possession of a firearm "a stipulation might be a way to keep the evidence of the prior conviction from the jury, evidence which potentially could influence the jury's determination of the possession issue." *See also State v. Woelm*, 317 N.W.2d 717 (Minn.1982).