**STATE of Minnesota, Respondent,**

v.

**Ronald W. McGHEE, Appellant.**

**No. C6–84–609.**

Court of Appeals of Minnesota.

Dec. 18, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Jonathan G. Steinberg, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

Appellant Ronald McGhee was convicted of being a felon in possession of handgun in violation of Minn.Stat. §§ 624.713, subds. 1(b), 2 and 609.03 (1982). He claims (1) the evidence was insufficient and (2) the trial court erred in refusing his request to stipulate his prior felony conviction. We affirm.

### DECISION

1. The evidence was sufficient to convict appellant of being a felon in possession of a handgun. Two officers testified that when appellant got out of his car, he fumbled with something in his waistband which appeared to be dark metal. When ordered to freeze, appellant crouched toward the car's front seat, bent over, and reached into the front seat as if putting an object underneath the driver's seat. A pistol was found underneath the seat. When asked if he had a permit for it, appellant said he did not.

2. In *State v. Davidson*, 351 N.W.2d 8 (Minn.1984), decided after the trial court declined to accept appellant's offer to stipulate, the Minnesota Supreme Court held it was error to refuse acceptance of a stipulation to prior felony convictions which would remove the issue of a felon in possession of handgun prosecution from the jury. The error in *Davidson*, however, was not so prejudicial as to require reversal. *Id.* at 12. Likewise, here the refusal to accept the stipulation was not so prejudicial as to require reversal. The evidence against appellant was strong, and the prior convictions were properly used as impeachment of appellant's testimony. Further, appellant himself, in explaining his actions when the police approached, told the jury he was on parole. In any matter occurring after *Davidson*, however, we strongly urge trial courts to accept such stipulations to avoid claims of prejudice in future appeals.

Affirmed.