STATE of Minnesota, Respondent,

v.

Steven Michael ALLEN, Appellant.

No. CX-85-624.

Court of Appeals of Minnesota.

Oct. 22, 1985.

Review Denied Dec. 19, 1985.

Hubert H. Humphrey, III, Atty. Gen., Erica Jacobson, Sp. Asst. Atty. Gen., St. Paul, John Leitner, Aitkin Co. Atty., Aitkin, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst., Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, J., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant Steven Allen was found guilty of being a felon in possession of a pistol, *see* Minn.Stat. § 624.713, subds. 1(b) and 2, and possession of a short-barreled shotgun, *see* Minn. Stat. § 609.67, subd. 2 (1984). Allen contends that he was denied a fair trial because the trial court refused to let him stipulate to his prior felony convictions and because the prosecution elicited testimony implicating him in other crimes. Allen also contends that there was insufficient evidence to establish his possession of the weapon. We reverse.

## FACTS

Steven Allen pleaded guilty in 1983 to three felony charges of burglary and one felony charge of aggravated criminal damage to property. Both of the convictions in this case are based on his possession of a sawed-off shotgun, which by statutory definition may be both a pistol and a short-barreled shotgun. Minn. Stat §§ 624.712, subd. 2 and 609.67, subd. 1(c).

The State's main witness against Allen at trial was Dennis Peterson. He testified that immediately after escaping from the Aitkin County Jail on November 18, 1984, where he was being held on burglary and theft charges, he went to the home of Terry Stafford. Allen was present at Stafford's home, and Peterson testified that Allen handed Peterson a shotgun which Stafford kept beneath his couch. Peterson said he gave the shotgun back to Allen on November 26, 1984. In addition, Peterson said he saw Allen carrying the shotgun on November 30 and December 2, 1984, and he saw the gun in Allen's car on an unspecified date.

Peterson was arrested on December 7 and charged with attempted burglary. The State granted him immunity from prosecution for any uncharged property crimes, except for offenses committed after his escape. The State also agreed to relocate his wife, Kris Peterson, and their two children; not to prosecute Kris Peterson for her role in his escape; and to permit him to serve his prison term outside the state. In exchange, Peterson agreed to cooperate in the investigation of other criminal activity. Based on his statements to the police the same day, a search warrant was executed at the home of Eric Hulin in Aitkin and the shotgun was seized, along with other weapons. Allen was not present during the search and was arrested the next day.

Before trial the defense offered to stipulate to Allen's status as a felon. The trial court denied the request, and over defense counsel's objection admitted a certified copy of Allen's four felony convictions.

After the voir dire examination disclosed that only one member of the jury pool had not heard about the case, the trial court granted a defense motion to change venue to Bemidji.

During the trial the prosecutor asked Peterson if there were any other occasions when he had seen Allen, and Peterson replied: "At scenes of burglaries." Defense counsel's immediate motion to strike Peterson's response was granted, and the trial court instructed the jury to disregard the answer. The trial court denied a motion for mistrial.

The defense vigorously cross-examined Peterson about the immunity agreement and inconsistencies in his statements to police. Copies of time cards from Allen's employer were admitted to show that Allen was working the second shift Monday through Friday during the times in question. The State presented several witnesses to corroborate Peterson's testimony. Kris Peterson testified that the day of the escape she had driven her husband to Stafford's home and that Allen was there. She said she did not see the gun in Allen's hands, however, because she left the house

and waited for her husband outside. Three other witnesses testified that they had seen Allen with Stafford in Aitkin County on various weekends in November 1984.

A jury convicted Allen, and he was sentenced to a 22-month prison term.

## ISSUE

Was defendant denied a fair trial when the trial court refused to accept a stipulation to his prior felony convictions?

## ANALYSIS

In *State v. Davidson*, 351 N.W.2d 8 (Minn.1984), the Minnesota Supreme Court set forth the standard to be applied in future cases:

We believe that generally in a prosecution for being a felon in possession of a weapon the defendant should be permitted to remove the issue of whether he is a convicted felon by stipulating to that fact. In the vast majority of such cases the potential of the evidence for unfair prejudice clearly outweighs its probative value. However, the door should be left open so that in appropriate cases where the probative value of the evidence outweighs its potential for unfair prejudice, the evidence may be admitted. One such case might be where the facts underlying the prior conviction are relevant to some disputed issue, making the evidence admissible under Rule 404(b). Prior convictions would still be useable under Minn. R. Evid. 609 to impeach the defendant if he testified.

\*    \*    \*    \*    \*    \*

[T]he correct approach under the Rules of Evidence in a case such as this one is to compare the potential of the evidence for unfair prejudice with the relevance of the evidence to issues other than the issue to which the stipulation relates. In this case we believe the potential of the evidence for unfair prejudice clearly outweighed the relevance, if any, that the evidence had to other issues. The court should have granted the defendant's motion and should have instructed the jury

to the effect that defendant had stipulated that under Minnesota law he was not entitled to possess a pistol and that therefore the jury should direct its attention to the issue of whether or not the state had established beyond a reasonable doubt that he possessed the pistol, either actually or constructively. The error in this case, however, was not so prejudicial as to require reversal.

351 N.W.2d at 11–12. *See also State v. McGhee*, 359 N.W.2d 286 (Minn.Ct.App. 1984) (upholding trial court's refusal to accept a stipulation where the trial court's decision was made prior to *Davidson*). *Cf. State v. Berkelman*, 355 N.W.2d 394 (Minn.1984); and *State v. Braun*, 354 N.W.2d 886 (Minn.Ct.App.1984).

Allen's prior felony convictions were based on three burglaries and criminal damage to property. The facts underlying those convictions are irrelevant to any disputed issue in the charged offenses; indeed, the State did not present the underlying facts, only the fact of conviction. Because Allen did not testify, the prior convictions were not admissible for impeachment purposes. Under *Davidson*, the trial court's refusal to accept Allen's stipulation was error.

The record shows that the jury in this case was likely to be particularly susceptible to prejudicial influences. Allen's arrest was well-publicized and several local criminals were linked with him at trial. Venue was changed when the trial court determined that only one potential juror was unaware of the case. At one point during trial Peterson testified that he had seen Allen "at the scenes of burglaries." That testimony was stricken and the jury instructed to disregard it. Furthermore, the jury indicated during its deliberations that there was confusion because one of the charged crimes (possession of a short-barreled shotgun) did not have a prior felony element. We conclude that the jury was substantially influenced to convict Allen because of the trial court's refusal to accept his stipulation.

Allen also claims that he was denied a fair trial when Peterson implicated him in other crimes and that the evidence of possession was insufficient to support the verdicts. We do not reach these issues because we reverse and remand for a new trial.

### DECISION

The trial court committed prejudicial error when it refused to accept an offer to stipulate to prior felony convictions. Evidence of prior convictions had a substantial influence on the jury's decision to convict and denied defendant a fair trial.

Reversed and remanded for a new trial.