**Dale C. LANDE, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C4-87-137.

Court of Appeals of Minnesota.

June 2, 1987.

Review Denied June 30, 1987.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., Paul R. Kempainen, Rory H. Foley, Sp. Asst. Attys. Gen., Minneapolis, Julius E. Gernes, Winona Co. Atty., Winona, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Dale Lande was convicted of tampering with a witness in the first degree, attempting to coerce and making terroristic threats. The trial court denied a postconviction motion to reverse the convictions or to grant a new trial. Appellant argues that reversal or a new trial is warranted because the trial court abused its discretion in admitting evidence of other crimes and because he was denied effective assistance of counsel. We affirm.

## FACTS

While in prison on a burglary conviction, appellant sent a letter to Eugene Meyer, the husband of Sheri Meyer. Mrs. Meyer had given information to police which led to appellant's arrest on the burglary charge, and she testified against him at trial. As a result of sending the letter to Mr. Meyer, appellant was charged with two counts of tampering with a witness, under Minn.Stat. § 609.498, subd. 1 (1984), two counts of attempting to coerce, under Minn.Stat. § 609.275 (1984), and one count of making terroristic threats, under Minn.Stat. § 609.-713, subd. 1 (1984). Appellant acknowledged writing the letter but denied it was a retaliatory threat or that it was terroristic.

At the trial on these charges, Mrs. Meyer testified about her earlier cooperation with the sheriff's department that led to appellant's arrest and conviction on the burglary charge. A transcript of her testimony at the burglary trial was admitted. Appellant testified that after the burglary trial, Mrs. Meyer had admitted she testified falsely and that she acknowledged having seen appellant drugged and carried into the bar where he was apprehended. According to appellant, the letter to Eugene Meyer was intended to present appellant's claim for $500 in civil damages resulting from the false testimony and to ask that Mrs. Meyer retract her prior testimony.

The jury found appellant guilty of all charges, and the court entered formal adjudication on all counts. Sentence was imposed on only one witness tampering conviction, and the court refused credit for time served between the time the complaint was filed and the convictions. In response to a petition for postconviction relief, the court vacated adjudications on one count each of tampering with a witness and attempting to coerce. The court also awarded credit for time served. However, the court refused to reverse the convictions or grant a new trial.

## ISSUES

1. Was appellant denied a fair trial by the introduction of evidence of other crimes?

2. Was appellant denied effective assistance of counsel?

## ANALYSIS

### I.

Appellant argues that the trial court abused its discretion in admitting evidence of his involvement in four burglaries, an unsuccessful stake-out and the stake-out where he was apprehended and charged with burglary and in allowing introduction of a transcript of Mrs. Meyer's testimony at the burglary trial. As a general rule, evidence of other crimes is not admissible to prove character or guilt. *State v. Black*, 291 N.W.2d 208, 214 (Minn.1980); Minn.R. Evid. 404(b). However, such evidence can be admitted for other purposes, such as to show motive, opportunity or intent. *Id.* It is largely within the trial court's discretion to determine whether evidence of prior re-

lated misconduct will be received. *State v. Spreigl*, 272 Minn. 488, 496, 139 N.W.2d 167, 172 (1965). In considering whether a trial court has acted within its discretion in admitting the evidence, appellate courts consider whether appellant's participation in the other crimes is clear and convincing, whether the evidence is material and relevant to the State's case and whether the probative character of the evidence outweighs its potential for unfair prejudice. *State v. Fischer*, 354 N.W.2d 29, 33 (Minn. Ct.App.1984) (quoting *Ture v. State*, 353 N.W.2d 518, 521 (Minn.1984)).

██ Appellant contends that it was unnecessary to admit into evidence details of the other crimes. In essence, he concedes there was clear evidence of his participation in the crimes but contests the relevancy of the evidence and its potential for prejudice. As the State points out, it had the burden of proving the elements of all three offenses charged, including intent. To prove a charge of terroristic threats, this court has held that evidence of an appellant's prior relationship with the victim is relevant to establish appellant's intent and motive for making the threats. *Fischer*, 354 N.W.2d at 33. In this instance, appellant's relationship with Mrs. Meyer is intertwined with the evidence of other crimes. The evidence, therefore, is relevant to exploring the context of the relationship between appellant and Mrs. Meyer and is material to the State's burden to prove intent.

██ Appellant also contends that after the burglary trial Mrs. Meyer told him that she had seen him drugged and carried into the bar where he was apprehended. This was the basis of his defense at the burglary trial, and if Mrs. Meyer had testified to this effect, it would have supported his theory that he had not willfully entered the bar intending to commit burglary. This

later acknowledgment, according to appellant's defense at the witness tampering trial, prompted the letter to Mrs. Meyer's husband. Appellant contends he was merely asking to recover $500 in damages he had suffered because of Mrs. Meyer's false testimony at the burglary trial and was also asking that she retract her prior testimony.

In order to rebut this defense, the State was required to address the issue of the truthfulness of Mrs. Meyer's testimony at the burglary trial. In order to do that, it was necessary to introduce details of the information provided to police regarding the burglary and Mrs. Meyer's trial testimony. The evidence therefore was relevant to rebutting appellant's defense and was properly admitted.

██ Appellant further argues that the probative value of the evidence of other crimes is outweighed by the potential for unfair prejudice. *See Fischer*, 354 N.W.2d at 33. Appellant contends that the sheer volume of evidence of other crimes had the potential to divert the jury's attention from the witness tampering, coercion and terroristic threat charges.

Initially, we note that instructions on the limited allowable use of the testimony were given to the jury several times. Further, the evidence of the underlying crimes is important to understanding the context of the charges against appellant and the Meyers' reaction to the statements contained in the letter.[1] It is also essential to rebutting the defense presented by appellant. Consequently, we conclude that the trial court did not abuse its discretion in determining that the potential for unfair prejudice was outweighed by the probative value of the evidence. The evidence was admissible.

## II.

Appellant contends he was denied effective assistance of counsel. Appellate

---

1. The letter stated in part:

   Also remember that I understand evidence. I won't go to jail for what I plan on doing ... There will be *no* proof it was me!!! On farms alot of accidents can happen and alot of things purposely done look like accidents, get my drift? I'm *very* familiar with what accidents take place on a farm ... 999 out of 1000

   accidents on a farm take place when no one else is around, as a farmer you realize this to be fact!!!

   I'll hold my grudge against Sheri only as long as she decides to let me, and however long she wants to keep an accident curse around you, your hired hands, their families, your relatives, etc....

courts must apply a two-part test in determining whether to grant a new trial on the ground of ineffective assistance of counsel:

> The defendant must affirmatively prove that his counsel's representation "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Because it is necessary to prove both elements, failure to prove either element results in the conclusion that an appellant was not deprived of the effective assistance of counsel. *Id.* at 562. Consequently, appellant's argument fails unless he shows both that his counsel's performance was deficient and that:

> counsel's errors "actually" had an adverse effect in that but for the errors the result of the proceeding probably would have been different. In determining whether the [appellant] has made the requisite showing, the court must consider the totality of the evidence before the judge or jury.

*Id.* (Citations omitted.)

■ Appellant argues that his counsel should have stipulated that Mrs. Meyer had given information to the police and had testified against him in order to avoid introduction of the evidence of other crimes. However, evidence of other crimes is not automatically excluded by stipulation where the probative value of the evidence outweighs the potential for unfair prejudice. *State v. Davidson*, 351 N.W.2d 8, 11 (Minn.1984). As indicated above, the trial court did not abuse its discretion in determining that the probative value of this evidence outweighed the potential for prejudice. The supreme court has also recognized that where the evidence is relevant to rebutting a defense, the evidence may be received despite a stipulation. *State v. Wiley*, 295 Minn. 411, 421, 205 N.W.2d 667, 675 (1973). As noted earlier, the evidence of other crimes was relevant to rebutting appellant's defense that he was presenting

a claim to the Meyer family for civil damages. Consequently, a stipulation may not have kept the evidence from the jury, and failure to offer such a stipulation likely would not have affected the outcome of the trial.

■ Appellant further argues that his counsel erred in failing to object to the introduction of a transcript of Mrs. Meyer's testimony at the burglary trial. However, appellant's trial counsel has stated in an affidavit that he relied upon the transcript as part of his trial strategy. Counsel's tactics required casting doubt on Mrs. Meyer's credibility, in part by showing an inconsistency between her trial testimony and an alleged later acknowledgment to appellant that she had really seen him drugged and carried into the bar, contrary to her testimony at trial. Because appellant's trial counsel relied on the evidence, he could not be expected to object to its admission.

■ Finally, appellant asserts that his counsel should have introduced evidence that the burglary conviction was being appealed. Appellant did present his belief that he was innocent of the burglary charge. In essence, that is the same information that would have been conveyed to the jury if the jury had been told that the matter was being appealed. We must conclude that appellant has not shown a reasonable probability that, but for the failure to introduce evidence of the appeal, the result of the trial would have been different. Appellant has therefore failed to show that he was denied effective assistance of counsel.

## DECISION

Evidence of other crimes was properly admitted, and appellant was not denied effective assistance of counsel.

Affirmed.