*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1340**

State of Minnesota,
Respondent,

vs.

Reinaldo Quesada,
Appellant.

**Filed September 2, 2014
Affirmed
Johnson, Judge**

Freeborn County District Court
File No. 24-CR-12-1933

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Craig S. Nelson, Freeborn County Attorney, David J. Walker, Assistant County Attorney, Albert Lea, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijó, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and Hooten, Judge.

**UNPUBLISHED OPINION**

**JOHNSON**, Judge

A Freeborn County jury found Reinaldo Quesada guilty of being an ineligible person in possession of a firearm. During the trial, the district court permitted the prosecutor to refer to the charged offense as "felon in possession of a firearm," and the district court instructed the jury that Quesada was charged with the offense of "felon in possession of a firearm." Quesada argues that these references to him as a "felon" deprived him of his right to a fair trial. We affirm.

## FACTS

On the evening of October 29, 2012, Officer Adam Hamberg of the Albert Lea Police Department responded to a report of a fight at a residence. The dispatcher informed the officer that the fight might have involved a gun. After Officer Hamberg arrived at the scene, witnesses said that Quesada had been at the home earlier in the evening and, after an altercation, pointed a black handgun at several people in the home and threatened to kill them. One witness also said that Quesada and another man fled the home on foot. Officer Hamberg drove to the area of Quesada's home and found him hiding in a neighbor's backyard storage shed. Officers searched the shed and found a "black handgun style" BB gun.

The state charged Quesada with one count of second-degree assault, in violation of Minn. Stat. § 609.222, subd. 1 (2012); one count of being an ineligible person in possession of a firearm, in violation of Minn. Stat. § 624.713, subd. 1(2) (2012); and one count of making terroristic threats, in violation of Minn. Stat. § 609.713, subd. 1 (2012).

2

The case was tried over three days in January and February 2013. Immediately before trial, Quesada and the state tentatively agreed to stipulate that Quesada is ineligible to possess a firearm, which would have made it unnecessary for the state to introduce evidence of Quesada's prior felony convictions. But Quesada withdrew from the agreement before the stipulation was finalized. Quesada's attorney expressed concern that a stipulation might be inconsistent with an affirmative defense that might be pursued.

Before the jury was brought into the courtroom, the prosecutor indicated his intention use the term "felon in possession of a firearm" in his opening statement. Quesada objected on the ground that the proper term for the second charged offense is "prohibited person in possession of a firearm." The district court overruled Quesada's objection on the ground that the statute defines an "ineligible person" to include a person who has a previous "felony conviction." During his opening statement, the prosecutor referred to Quesada as a "convicted felon . . . prohibited by Minnesota law from possessing any firearm," described the second charged offense as "prohibited person, in this case meaning a convicted felon, in possession of a firearm," and described the second charged offense a second time as "felon in possession of a firearm."

The state called nine witnesses; Quesada called one witness and testified in his own defense. The state's witnesses testified that Quesada and another man were at a party and attempted to take another guest's wallet. The state's witnesses testified that, after a physical altercation, Quesada pointed a handgun at various people in the home and threatened to kill them. In his own testimony, Quesada agreed that he was at the home that evening but denied trying to take another guest's wallet and denied possessing a gun,

other than to pick it up momentarily to move it as a safety precaution when others began fighting.

After the close of the evidence, the district court instructed the jury that the second charged offense was entitled "felon in possession of a firearm." On five occasions during his closing argument, the prosecutor referred to the second charged offense as "felon in possession of a firearm." The jury found Quesada guilty on all three counts. In April 2013, the district court imposed concurrent prison sentences of 60 months for being an ineligible person in possession of a firearm and 45 months for second-degree assault. Quesada appeals.

## D E C I S I O N

Quesada argues that the district court erred by allowing the prosecutor to refer to him as a felon and by describing the second charged offense as "felon in possession of a firearm." Quesada contends that the district court's rulings and instructions denied him his right to a fair trial. The state did not file a responsive brief. The appeal is submitted for a decision on the merits despite the absence of a responsive brief. *See* Minn. R. Civ. App. P. 142.03.

Quesada makes a relatively narrow argument on appeal by relying on only three opinions, only one of which is precedential. In short, Quesada argues that the district court's rulings and instructions are contrary to *State v. Davidson*, 351 N.W.2d 8 (Minn. 1984). In that case, the defendant was charged with being an ineligible person in possession of a firearm and sought a stipulation concerning his ineligibility so that the jury would not learn that he was a "convicted felon." *Id.* at 9. The district court denied

4

his request for a stipulation and instructed the jury that Davidson previously had been convicted of arson. *Id.* On appeal, the supreme court determined that the district court had erred because, "in a prosecution for being a felon in possession of a weapon, the defendant should be permitted to remove the issue of whether he is a convicted felon by stipulating to that fact" to avoid encouraging the "jury to find defendant guilty for the wrong reason." *Id.* at 11. But the supreme court also concluded that the error "was not so prejudicial as to require reversal." *Id.* at 12.

The *Davidson* opinion is distinguishable from this case. The holding in *Davidson* is based on the fact that the district court denied the defendant's request for a stipulation. *Id.* at 10-12. In this case, however, Quesada and his trial counsel chose not to enter into a stipulation. Quesada does not argue that either the state or the district court prevented him from entering into a stipulation that he was ineligible to possess a firearm. In the absence of such a stipulation, the state was required to prove, beyond a reasonable doubt, that Quesada was ineligible to possess a firearm. *See* Minn. Stat. § 624.713, subd. 1(2). To satisfy its burden of proof, the state introduced evidence that Quesada previously was convicted of two crimes of violence, specifically, a "third-degree felony drug" conviction and an "aiding and abetting third-degree drug" conviction. The *Davidson* opinion provides no assistance to a person such as Quesada, who did not enter into a stipulation concerning his ineligibility. The *Davidson* opinion may even undermine Quesada's argument because it refers to the charged offense in that case as "felon in possession of a handgun" on four separate occasions. *Id.* at 9, 10, 11. Thus, Quesada is incorrect in arguing that *Davidson* requires the reversal of his convictions.

5

Quesada also relies on two unpublished opinions of this court. Unpublished opinions of this court are not precedential. Minn. Stat. § 480A.08, subd. 3(c) (2012); *Vlahos v. R & I Constr., Inc.*, 676 N.W.2d 672, 676 n.3 (Minn. 2004); *State v. Porte*, 832 N.W.2d 303, 312 n.1 (Minn. App. 2013). Thus, Quesada may not obtain the reversal of his convictions based on unpublished opinions. Nonetheless, the unpublished opinions he cites are distinguishable.

Although we are confident that no error occurred, we nonetheless note that, even if there were an error, it would be a harmless error. *See* Minn. R. Crim. P. 31.01; *State v. Bouwman*, 354 N.W.2d 1, 8 n.7 (Minn. 1984); *Porte*, 832 N.W.2d at 312. The state introduced evidence of Quesada's prior felony convictions for the purpose of impeaching his credibility. *See* Minn. R. Evid. 609. Quesada does not argue that the state did so improperly. In *Davidson*, the supreme court expressly qualified its opinion by stating, "Prior convictions would still be useable under Minn. R. Evid. 609 to impeach the defendant if he testified." 351 N.W.2d at 11. Thus, the jury in this case would have learned that Quesada is a convicted felon even if the prosecutor and the district court had not used the word "felon" when referring to the second offense charged.

**Affirmed.**