*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0932**

State of Minnesota,
Respondent,

vs.

Jiyaad Jamaal Copeland,
Appellant.

**Filed June 8, 2015
Affirmed
Kirk, Judge**

Hennepin County District Court
File No. 27-CR-13-16327

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Kelly O'Neill Moller, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Connolly, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

Appellant Jiyaad Jamaal Copeland was convicted by a jury of being a prohibited person in possession of a firearm. Appellant requests a new trial based on allegedly improper jury instructions. First, appellant argues that the district court erred by failing to remove or change the language identifying him as a "prohibited person" from the jury instruction. Second, he argues that the district court abused its discretion by denying his request for a curative instruction stating that the prosecutor made improper comments to the jury. Because the district court permissibly instructed the jury, and the district court did not abuse its discretion in denying appellant's requested jury instruction, we affirm.

## FACTS

In May 2013, Minneapolis police were conducting surveillance in North Minneapolis. Officer David Ligneel observed appellant with binoculars from a distance of about a quarter of a block. Appellant entered a house and, a few minutes later, exited the house with four other individuals and got into a black Dodge Durango. Appellant was wearing a grey sweatshirt that was pulled tight. Officer Ligneel could see the entire outline of a semi-automatic handgun in the sweatshirt pocket. Officer Ligneel told other officers located nearby that appellant had entered a vehicle with a gun and provided a description of the vehicle.

A marked police car stopped the vehicle and found two handguns inside: a .45 caliber handgun underneath the driver's seat and a Sig Sauer semi-automatic handgun underneath the right passenger's seat. The Minneapolis Police Department's crime lab

processed both guns for DNA evidence. The evidence was sent to the forensic laboratory at the Bureau of Criminal Apprehension (BCA). The DNA profile obtained from the Sig Sauer was consistent with being a mixture of four or more individuals. An analyst from the BCA testified that it is common for items like a handgun to produce mixed DNA profiles. Out of everyone in the vehicle, appellant was the only possible contributor to the DNA profile on the Sig Sauer—the other four individuals in the vehicle were excluded as being contributors. The state charged appellant with one count of being a prohibited person in possession of a firearm in violation of Minn. Stat. § 624.713, subds. 1, 2 (2014).

In March 2014, the district court conducted a three-day jury trial on appellant's charge. During voir dire, the state asked prospective jurors whether they believed that the government has a right to prohibit certain individuals from possessing firearms. The prospective jurors said that the following categories of people should be prohibited from possessing firearms: a convicted felon, underage people, and mentally unstable individuals. Appellant moved for a new jury panel the following day because he believed the state's question implied that he was a felon. The district court denied the motion for a new jury panel because the state never told the jury that appellant was a felon. Appellant requested a jury instruction stating that "[t]he state has improperly alluded to the reasons why a person may be prohibited from possessing a firearm" and that the jury should not speculate as to why appellant is prohibited from possessing a firearm. Appellant also requested that the jury instructions state that he was accused of "unlawful possession of a

firearm" instead of "possession of a firearm by a prohibited person." The district court denied both requests.

At the start of the trial, the district court instructed the jury that the state had charged appellant "with the crime of possession of a firearm by a prohibited person." During trial, the state entered appellant's stipulation that he was prohibited from possessing a firearm as an exhibit, without objection. The stipulation reads:

> The parties have stipulated that [appellant] is ineligible from possessing a firearm under Minnesota law. The Court instructs you that you are bound by the Stipulation agreed to by the parties that [appellant] was ineligible under Minnesota law from possessing a firearm on the date in question. You are not to speculate about why [appellant] is ineligible to possess a firearm.

During closing arguments, both parties referenced the stipulation, noting that the jury should focus on whether appellant possessed the firearm. The district court gave the final jury instructions that included a description of the offense as prohibited person in possession of a firearm. Appellant reasserted his pre-trial requests to change the language of the jury instructions. The jury found appellant guilty.

## D E C I S I O N

### I.

Appellant argues that the district court committed plain error by failing to sua sponte remove "prohibited person" from the jury instructions, and that the district court erred by denying his request for a curative instruction following voir dire. Jury instructions "must fairly and adequately explain the law of the case." *Gulbertson v. State*, 843 N.W.2d 240, 247 (Minn. 2014) (quotation omitted). The district court has

4

considerable latitude in the selection of the language of the jury instructions. *Id.* A jury instruction is erroneous only if it materially misstates the law, and we review instructions as a whole when determining their sufficiency. *State v. Caine*, 746 N.W.2d 339, 353 (Minn. 2008). The decision to give a jury instruction lies within the discretion of the district court and will not be reversed absent an abuse of discretion. *State v. Dobbins*, 725 N.W.2d 492, 506 (Minn. 2006).

If a defendant fails to object to jury instructions, the defendant generally waives the right to object on appeal. *State v. Cross*, 577 N.W.2d 721, 726 (Minn. 1998). However, failing to object will not cause an appeal to fail if the jury instructions contain plain error affecting substantial rights or an error of fundamental law. *Id.* An error is plain if it "contravenes case law, a rule, or a standard of conduct." *State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006). And an error affects substantial rights if "the error was prejudicial and affected the outcome of the case." *State v. Griller*, 583 N.W.2d 736, 741 (Minn. 1998). If the above test is met, "the appellate court then assesses whether it should address the error to ensure fairness and the integrity of the judicial proceedings." *Id.* at 740.

## A.

Appellant argues in his primary brief that he requested the district court to remove any reference to him being a prohibited person from the jury instructions. However, appellant concedes in his reply brief that he never asked the district court to eliminate any reference to him being a prohibited person from the instructions. Appellant is therefore arguing that it was plain error for the district court not to sua sponte remove these

references.  Alternatively, appellant argues that the district court abused its discretion by denying his request to change "prohibited" to "unlawful."

In *State v. Davidson*, 351 N.W.2d 8 (Minn. 1984), the defendant was found guilty of being a felon in possession of a handgun.  The district court denied the defendant's motion to stipulate to being a felon and to remove that element from the jury's consideration.  *Davidson*, 351 N.W.2d at 9.  The supreme court held that generally, in a prosecution for being a felon in possession of a weapon, "the defendant should be permitted to remove the issue of whether he is a convicted felon by stipulating to that fact."  *Id.* at 11.  The supreme court went on to state that the district court erred and it should have instructed the jury "*to the effect that* . . . under Minnesota law [defendant] was not entitled to possess a pistol and that therefore the jury should direct its attention to the issue of whether or not the state had established beyond a reasonable doubt that [defendant] possessed the pistol."  *Id.* at 12 (emphasis added).

The benefit to the defendant is not, as appellant argues, that all references to the prohibited-person element are removed from the instructions, but rather that prejudicial references to prior convictions are removed.  *See State v. Carnahan*, 482 N.W.2d 793, 795 (Minn. App. 1992) (stating that the instruction from *Davidson* that the defendant "could not legally possess a pistol did not imply a prior conviction").  Because there is no legal requirement for the prohibited-person element to be completely removed from the jury instructions, the district court did not err, let alone commit plain error.  *See Ramey*, 721 N.W.2d at 302 (stating that error is plain if it contravenes caselaw).

6

The next issue is the language the district court used to instruct the jury about the offense. Appellant asked the district court to instruct the jury that he was charged with "unlawful possession of a firearm," but the district court denied the request and instructed the jury that appellant was charged with "possession of a firearm by a prohibited person." Even assuming that "unlawful possession" or "not entitled to possess" is preferable to appellant over "prohibited person," the district court has broad discretion in selecting the language of the jury instruction. The use of "prohibited" was an accurate statement of the law and within the district court's discretion. *See Caine*, 746 N.W.2d at 353 (stating that a district court errs if an instruction materially misstates the law); *see also* Minn. Stat. § 624.713 (using the term prohibited or prohibition).

**B.**

The district court denied appellant's untimely request for a curative instruction stating that the state improperly questioned the jurors and instructing the jury not to speculate about why appellant was a prohibited person. A district court's decision of whether to give a jury instruction will not be reversed absent an abuse of discretion. *Dobbins*, 725 N.W.2d at 506.

Appellant did not engage in legal analysis or cite legal authority supporting his argument that the state's questions were improper and that the district court abused its discretion by denying the jury instruction. This court, therefore, need not consider the argument. *See Ganguli v. Univ. of Minn.*, 512 N.W.2d 918, 919 n.1 (Minn. App. 1994) (noting that a court can decline to consider arguments unsupported by legal analysis or citation). Moreover, instructing the jury that the state improperly questioned the jury

7

would have been highly prejudicial to respondent and would have emphasized an interaction that the jury otherwise may have forgotten.  The district court therefore did not abuse its discretion by refusing to give a jury instruction regarding the alleged improper questioning.

**Affirmed.**